Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., *Plaintiff* v. NINGBO FINE SOURCE IMP&EXP CO., LTD, *Defendant* | **CIVIL ACTION NO.: 25-cv-1557** **COMPLAINT** **Jury Trial Requested** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendant** | Ningbo Fine Source Imp&Exp Co., Ltd |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Pocket Hose Products** | A line of Pocket Hose products sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose System** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Infringing Products** | Expandable and contractible hoses that infringe the Pocket Hose Patent |
| **Infringing Listings** | Defendant's listings for Infringing Products |
| **Merchant Storefront** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, operates storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products on Alibaba, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |

i

Plaintiff, a corporation organized and existing under the laws of the State of New Jersey, alleges as follows:[1]

## NATURE OF THE ACTION

1.　This action involves claims for patent infringement under 35 U.S.C. §§ 271 *et seq.* arising from the infringement of the Pocket Hose Patent, including, without limitation, by manufacturing, advertising, marketing, promoting, distributing, making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, of unlicensed Infringing Products that copy Plaintiff's Pocket Hose System and Pocket Hose Products and infringe the Pocket Hose Patent, by Defendant.

## JURISDICTION AND VENUE

2.　This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 28 U.S.C. § 1338(a) as an action arising out of violations of the Patent Act; pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.　Personal jurisdiction exists over Defendant in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York, and/or derives substantial revenues from its business transactions in New York and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's illegal infringing actions caused injury to Plaintiff in New York such that Defendant should reasonably expect such actions

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary.

to have consequences in New York. For example:

    a.    Upon information and belief, Defendant was and/or is systematically directing and/or targeting its business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Alibaba, through which consumers in the U.S., including New York, can view Defendant's Merchant Storefront that Defendant operates, uses to communicate with consumers regarding its Infringing Listings and to place orders for, receive invoices for, and purchase Infringing Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

    b.    Upon information and belief, Defendant is a sophisticated seller, operating a commercial business using its Merchant Storefront to manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in products, including Infringing Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

    c.    Upon information and belief, Defendant accepts payment in U.S. Dollars and offers shipping to the U.S., including to New York, and specifically to the New York Address.

    d.    Upon information and belief, Defendant has transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing Products.

    e.    Upon information and belief, Defendant is aware of Plaintiff, its Pocket Hose Products and the Pocket Hose Patent and is aware that its illegal, infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New

York.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant conducts, transacts and/or solicits business in New York.

## THE PARTIES

5. Plaintiff Telebrands Corp. is a New Jersey corporation with a principal place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

6. Upon information and belief, Defendant is a merchant on Alibaba, through which Defendant offers for sale and/or sells Infringing Products, with a principal place of business at 7-5, No. 356 Tongji Road, Ningbo, Zhejiang, China.

## GENERAL ALLEGATIONS
### Telebrands' Innovative Pocket Hose System

7. Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products, and the original creator of the "As Seen On TV" products that Plaintiff promotes and sells throughout the United States and the world.

8. One of Plaintiff's most popular products is its line of Pocket Hose Products sold under the trademark POCKET HOSE® and other related marks.

9. The Pocket Hose Products include a line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressurized water is introduced into the hoses and contract when the water is turned off. The Pocket Hose Products have expanded to include several varieties and lengths, including the Copper Bullet, Silver Bullet, and Marine Pocket Hose Products.

10. Pocket Hose Products have achieved great success since their introduction in or about October 2012. At the time, the Pocket Hose Products represented a shift towards convenience and efficiency in garden maintenance.

3

11. Telebrands promotes and sells the Pocket Hose Products through national direct response television commercials, as well as at the retail level at well-known retail and wholesale outlets, such as Walmart and Home Depot, which have locations in New York. In addition, Telebrands promotes, offers for sale and sells its Pocket Hose System through Plaintiff's Website, its retail customers' websites, as well as Plaintiff's storefront on Amazon.com.

12. The Pocket Hose Products typically retail for between $29.99 - $109.99.

13. Telebrands is the owner of all intellectual property rights in connection with the Pocket Hose Products.

14. Relevant to the instant action, Telebrands is the owner of U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose." Attached hereto as **Exhibit A** is a true and correct copy of the Pocket Hose Patent.

15. The Pocket Hose Patent claims a hose which automatically expands longitudinally and automatically expands laterally upon the application of a pressurized liquid and automatically contracts to a contracted condition upon the release of the pressurized liquid, an example of which is shown below.



16. Telebrands is the lawful owner of all right, title, and interest in and to the Pocket Hose

Patent.

17. No one other than Plaintiff and its authorized sellers are allowed to manufacture, import, export, advertise, offer for sale and sell the patented Pocket Hose Products, without the express permission of Plaintiff.

### **Defendant's Wrongful and Infringing Conduct**

18. Unsurprisingly, the success of Telebrands' innovative Pocket Hose System attracted not just a loyal customer base, but also unscrupulous individuals and entities seeking to profit and capitalize on the fruits of Telebrand's innovation, as well as the goodwill, reputation, and fame that Plaintiff has amassed.

19. Plaintiff has gone to great lengths to protect its interests and enforce against infringement of the Pocket Hose Patent and therefore investigates and enforces against such activities.

20. Plaintiff recently learned of Defendant and its Infringing Products.

21. As shown in the screenshots below from Defendant's Infringing Listings on Defendant's Merchant Storefront which are attached hereto as **Exhibit B**, the Infringing Products are expandable and contractable garden hose systems because they include the ability to expand up to three times the original length upon the presence of pressurized water, as claimed in the Pocket Hose Patent.

22. Defendant is currently offering for sale Infringing Products through Defendant's Merchant Storefront.

### **CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**(Infringement of United States Patent No. 9,581,272)**
**[35 U.S.C. § 271]**

23. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

5

24. On February 28, 2017, the Pocket Hose Patent, entitled "Garden Hose," was duly and legally issued to inventor Michael J. Berardi by the United States Patent and Trademark Office. Subsequently, following assignments to Telebrands, Telebrands became the lawful owner by assignment of all right, title, and interest in the Pocket Hose Patent, including the rights to exclude others and to sue and recover damages for infringement. A true and correct copy of the Pocket Hose Patent is attached hereto in **Exhibit A**.

25. Without Plaintiff's authorization or consent, and with knowledge of Plaintiff's well-known and prior rights in the Pocket Hose Patent, Defendant intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, offered for sale and/or sold its Infringing Products to the purchasing public in direct competition with Plaintiff, and has acted with reckless disregard of Plaintiff's rights in and to the Pocket Hose Patent through such activities.

26. Defendant's Infringing Products meet each and every limitation of at least claim 13 of the '272 patent, literally and/or under the doctrine of equivalents, as shown in **Exhibit B**. For example, the Infringing Products are advertised include an outer tube and a substantially hollow elastic inner tube. The inner and outer tubes are attached to male and female couplers on their ends. The inner tube expands longitudinally and laterally when water under pressure is introduced. A flow restrictor varies the restriction of the water under pressure that is released from the hose to maintain the hose in an expanded condition. The outer tube contracts when the water under pressure is removed from the hose, in which the outer tube catches on the inner tube to contract, as also shown in **Exhibit B**.

27. Defendant's acts of infringement of the Pocket Hose Patent were and are undertaken without authority, permission, or license from Telebrands. Defendant's infringing

activities therefore violate 35 U.S.C. § 271.

28. As a direct and proximate consequence of Defendant's infringement of the Pocket Hose Patent, Defendant has caused substantial monetary loss and irreparable harm and damage to Telebrands, its business, its reputation and impairment of its valuable rights in and to the Pocket Hose Patent. Plaintiff has no adequate remedy at law and, unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff through infringement of Telebrands' rights to the Pocket Hose Patent.

29. Based on Defendant's actions as alleged herein, Defendant has had actual knowledge of the Pocket Hose Patent and its infringement thereof and did nothing to stop its blatant use, copying, and infringement of Telebrands' intellectual property. Accordingly, Defendant's infringement of the Pocket Hose Patent is willful and Plaintiff is entitled to treble damages as provided by 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

A. A judgment that Defendant's acts constitute patent infringement under the causes of action asserted in this Complaint;

B. An order preliminarily, and a judgment permanently, enjoining and restraining Defendant, its officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with Defendant, from:

   i. infringing any claim of the Pocket Hose Patent; and

   ii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C. A judgment requiring Defendant to, at Defendant's expense, withdraw from the market, account for, and properly destroy any and all Infringing Products;

7

D.   A judgment requiring that Defendant pay Telebrands all of its damages caused by Defendant's unlawful acts, including under 35 U.S.C. § 284, with prejudgment and post-judgment interest, as well as post-trial damages for any ongoing infringing acts;

E.   A judgment awarding Telebrands its reasonable attorneys' fees, costs, disbursements, and interest, as provided by law, including as provided by 35 U.S.C. § 285;

F.   A judgment that Defendant's infringement has been willful, and ordering Defendant to pay treble damages as provided by law; and

G.   Such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims so triable.

Dated: February 24, 2025

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

8