Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> NINGBO FINE SOURCE IMP&EXP CO., LTD, <br><br> *Defendant* | **25-cv-1557 (GHW)** <br><br> [PROPOSED] <br> **PRELIMINARY INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendant** | Ningbo Fine Source Imp&Exp Co., Ltd |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendant, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; and 2) an order to show cause why a preliminary injunction should not issue |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Pocket Hose Products** | A line of Pocket Hose products sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose System** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Infringing Products** | Expandable and contractible hoses that infringe the Pocket Hose Patent |
| **Infringing Listings** | Defendant's listings for Infringing Products |
| **Merchant Storefront** | Any and all user accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, operates storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products on Alibaba, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |

WHERAS, on February 24, 2025, Plaintiff filed the action against Defendant;

WHEREAS, on March 4, 2025 Plaintiff served Defendant, a Chinese entity, with the Summons and Complaint while Defendant was in the United States attending an industry trade show.

WHEREAS, on March 25, 2025, Plaintiff's counsel was contacted by Zheng Li, a U.S. patent attorney from the Shanghai office of U.S. law firm Duane Morris & Selvam LLP, indicating that he represented Defendant.

WHEREAS, on April 10, 2025, Plaintiff filed its Application for Temporary Restraining Order against Defendant for the following: 1) a temporary restraining order; and 2) an order to show cause why a preliminary injunction should not issue ("Application");

WHEREAS, on April 11, 2025, the Court denied Plaintiff's Application and entered an Order to Show Cause ("OSC") which, *inter alia*, ordered Defendant to appear before this Court in Courtroom 12C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, on May 14, 2025 at 4:00 p.m. why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on the same day, April 11, 2025, Plaintiff served the OSC, along with Plaintiff's Application, on Defendant's counsel via email. In response, Mr. Li indicated that he would "pass this information to the defendant as a courtesy" since he and his firm were not formally retained to represent the Defendant in the Action – instead only to negotiate a possible settlement outside of the court.

1

WHEREAS, on April 14, 2025, Plaintiff used a verified e-mail address for the same individual who was served in person on March 4, 2025 to serve Defendant with a link containing the OSC, Application and all pleadings in the Action.[1]

WHEREAS, on May 13, 2025, Plaintiff appeared at the Show Cause Hearing, however, Defendant did not appear.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A. Plaintiff is likely to prevail on its Patent Act claim at trial.

B. As a result of Defendant's infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

1. Defendant has offered for sale and sold substandard Infringing Products in the United States that infringe the Pocket Hose Patent; and

2. Plaintiff has well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Pocket Hose Products.

C. The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in

---

[1] Plaintiff cc'd Defendant's counsel on this email with a request to confirm receipt. However, Plaintiff did not receive a receipt confirmation from Defendant or Defendant's counsel or a bounce back. Defendant has failed to respond to the OSC and has not contacted Plaintiff nor indicated an intention to appear at the Show Cause Hearing or otherwise oppose Plaintiff's Application

and associated with the Pocket Hose Patent and to its reputation if the relief requested herein is not granted through the pendency of this action.

D. Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Pocket Hose Patent, and to protect the public from being deceived and defrauded by Defendant's Infringing Products.

## **ORDER**

1. The injunctive relief shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 283 of the Patent Act.

    a) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Pocket Hose Patent;

    ii. directly or indirectly infringing in any manner Plaintiff's Pocket Hose Patent;

    iii. making, using, selling, importing and/or offering to sell products that infringe the Pocket Hose Patent;

    iv. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion,

> distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and
>
> v. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(iv) above.

b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

> i. operation of Defendant's Merchant Storefronts, including, without limitation, continued operation of Defendant's Merchant Storefronts in violation of this Order; and
>
> ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(iv), I(b)(i) and I(c)(i) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's Merchant Storefronts in violation of this Order.

2. Defendant is hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

3. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

4. Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this \_14th\_ day of \_May\_, 2025, at \_4:34\_ p.m.
New York, New York

HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

5